**In re Anonymous No. 2 D.B. 86**

Disciplinary Board Docket no. 2 D.B. 86.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILBERT, *Member,* June 1, 1990 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

### HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania, dated May 29, 1987, petitioner [ ] was suspended for a period of three years commencing January 9,

1986. The term of this suspension expired on January 28, 1989.

On July 6, 1989, petitioner filed this petition for reinstatement with the Disciplinary Board. On August 2, 1989, the matter was referred to Hearing Committee [ ] consisting of [ ]. A reinstatement hearing was held on November 7, 1989 at which petitioner was represented by [A], Esq., and assistant disciplinary counsel appeared for the Office of Disciplinary Counsel. At the hearing, petitioner testified on behalf of himself, but presented no witnesses. Petitioner also offered into evidence the following documentary exhibits: (A) release from probation, (B) transcript of the sentencing hearing, (C) plea agreement, (D) judgment and probation order, (E) indictment, (F) report of Disciplinary Board recommending suspension, (G) income tax returns, and (H) petition for reinstatement. Office of Disciplinary Counsel did not present any witnesses or exhibits.

By its report filed February 5, 1990, the hearing committee recommended petitioner be reinstated to the practice of law in the Commonwealth of Pennsylvania. On February 26, 1990, Office of Disciplinary Counsel filed a brief on exceptions to the report of the hearing committee. Respondent argued that petitioner failed to meet his burden of proof by clear and convincing evidence that he has the moral qualifications required for readmission to the practice of law. On March 9, 1990, petitioner filed a brief opposing respondent's exceptions, requesting adoption of the hearing committee's recommendation for reinstatement.

## FINDINGS OF FACT

Petitioner, [ ], age 62, was admitted to the practice of law in the Commonwealth of Pennsylva-

nia on May 22, 1979. His address for both his office and home, where he resides with his wife, is [ ].

Petitioner obtained his undergraduate degree in 1948 from the City College of [ ]. Petitioner earned both his law degree (1951) and LL.M. degree (1955) from [ ] Law School. Respondent was admitted to practice law in the State of [ ] (1953); United States Tax Court (1953); United States District Court for the [ ] and [ ] District (1954); United States Court of Appeals for the [ ] Circuit (1954); United States Supreme Court (1976) and the United States Court of Claims (1981).

For most of his legal career, petitioner's practice has involved military procurement work and related matters. Petitioner was enlisted in the Army from 1951 to 1953. After his discharge, he was employed by a [ ] law firm for six years. Petitioner's work history also includes private practice for a short period of time, corporate counsel for a company engaged in contract work, and in 1967 petitioner enlisted in the Navy where he was employed in the Office of General Counsel for the Department of the Navy.

Initially, petitioner was assigned as counsel to the [ ] Navy Shipyard where he worked for approximately five years handling both personnel problems and government contracting issues. In approximately 1970, petitioner became deputy counsel in the Navy Regional Contract Office. One year later, petitioner was transferred and promoted to Chief Legal Counsel at the Navy Ship Parts Control Center at [ ], Pa.

While employed in his position of Chief Legal Counsel, petitioner was indicted August 7, 1985 by the Grand Jury of the United States District Court for the [ ] District of Pennsylvania of two counts of knowingly accepting a thing of value for himself

from a contractor in return for making favorable decisions on contracts and on one count of accepting a thing of value in return for obtaining proprietary drawings for the same contractor. Petitioner initially entered a plea of not guilty to the indictment. Subsequently, the petitioner entered into a plea agreement whereupon the petitioner agreed to waive indictment by the grand jury and to plead guilty to a felony information charging the petitioner with two counts of unlawfully accepting gratuities for or because of an official act performed or to be performed by him as chief legal counsel in violation of 18 U.S.C. §201(g).

Petitioner entered his plea of guilty to the above charges. On November 20, 1985 the Honorable [B], U.S. District Judge, [ ] District of Pennsylvania, sentenced the petitioner to a two-year period of imprisonment and imposed the fine of $10,000 on count I. The sentence as to imprisonment on count I was suspended and petitioner was placed on probation for three years. The three-year probation period was subject to special condition of performance of 400 hours of community service work. On count II, the sentence was the same as proposed in count I and was to run consecutive as to the fine only. Petitioner's probation ended approximately seven months early on the petition of the probation officer to Judge [B] who agreed to terminate the probation.

## DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to

practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

## *Moral Qualifications*

Petitioner pled guilty to two counts of unlawfully accepting gratuities for or because of an official act performed or to be performed by him as Chief Legal Counsel in violation of 18 U.S.C. §201(g). The gratuities petitioner received include a discount on the price of a used Cadillac, several lunches, two [ ] football tickets worth $14, and a free turkey along with a "gag" gift which petitioner received at an annual Christmas party. Subsequently, on August 29, 1986, the Department of the Navy debarred petitioner from doing business with the Navy for a period of three years. Petitioner's debarment ended in December 1989.

Petitioner is fully aware of the egregious mistakes he has made in the past and has resolved to avoid situations in which such conflicts of interest may arise. Petitioner testified that in his current business associations, he maintains a strict business relationship and does not socialize so to avoid all question of impropriety. Petitioner has stated that he has learned from his past transgressions as follows: "Certainly I've made an objective decision not to deal with contractors per se and to deal through attorneys. But I think that this may have been an aberration of a one-time thing that certainly will never happen again. I think I've learned my lesson."

The record indicates that petitioner has complied with all the terms of his sentence. Petitioner paid all the fines and in 1987 completed the 400 hours of community work with the Cystic Fibrosis Foundation. In fact, petitioner has continued in his work and is currently a volunteer for the foundation. Petitioner's probation was ended approximately seven months early on the petition of the probation officer to the sentencing judge who agreed to terminate the probation.

During the reinstatement hearing, the issue was raised as to whether petitioner paid the sales tax for the purchase of the Cadillac which was involved in the indictment. Petitioner testified that although he took steps to settle the matter, the taxes remained unpaid. On February 18, 1990, petitioner paid the sales tax on the used Cadillac. (Verification of payment — exhibit A attached to petitioner's brief opposing exceptions.)

During the period of suspension, petitioner did not engage in the practice of law. Petitioner supported his family by working in the area of international trade which included arranging the purchase of housing units for clients from Ethiopia, and the bartering of items from Brazil on behalf of the [C] Corporation.

Office of Disciplinary Counsel agrees that petitioner properly provided notice of his suspension to clients and other jurisdictions where he is admitted to practice law and petitioner provided correct and truthful answers on the reinstatement questionnaire. At the end of the reinstatement hearing, Office of Disciplinary Counsel stated that it was not opposed to petitioner's reinstatement and was not offering any evidence in opposition. However, in an apparent change of position, respondent filed a brief on exceptions and objected to the reinstatement argu-

ing that petitioner has failed to meet his burden of proof that the petitioner has the moral qualifications to practice law in the Commonwealth of Pennsylvania.

In its brief, Office of Disciplinary Counsel raised several issues. Respondent argues that petitioner's association with [D] during petitioner's suspension and debarment by the Navy does not reflect rehabilitation. [D], a friend of petitioner, worked as a consultant for a company called [E]. [E] was investigated by the FBI due to an anonymous tip that [E] purposely shipped to the Navy 67 faulty lifeboats. [E] was cleared of the charge and was allowed to continue to do business with the Navy. During the investigation the press associated petitioner's name with [D's] in the newspapers. Petitioner explained that he simply drove [D] to a meeting with [E]. Petitioner had signed the guest sheet at the building, but did not participate in the meeting.

[D] pled guilty to a federal offense for acting as a conduit for illegal campaign contributions for defense contributors. Petitioner was in no way involved in [D's] conviction.

It is true that petitioner is a friend of [D] whom petitioner met through his employment with the Navy. Petitioner also did some consulting work for [D]. However, the board refuses to hold petitioner accountable for [D's] conduct. [D's] conviction was totally unrelated to his friendship with petitioner. Petitioner's friendship with [D] does not necessarily imply that petitioner condones the actions of his friends.

Another issue raised by Office of Disciplinary Counsel concerns the final disposition of the $500 in cash that petitioner found in an envelope on his desk while employed by the Navy in 1979. During the 1986 disciplinary proceeding, petitioner's position in

regard to this matter was that he did not report the receipt of the money to anyone and gave the money to charity. During the reinstatement hearing, petitioner testified that he failed to report the funds to the proper authorities, but discussed the matter with the admiral on base and then donated the money to the Multiple Sclerosis Society. The board agrees that there is an inconsistency in petitioner's testimony. However, during the reinstatement hearing, petitioner was not asked to explain this discrepancy. Instead, on cross-examination, petitioner was asked whether he realized any benefit from the funds. Petitioner testified that he had not. The hearing committee found the testimony of petitioner to be credible and the board concurs in this determination.

The board agrees with Disciplinary Counsel that reinstatement does not automatically follow a period of suspension. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, n.1, 553 A.2d 894, n.1 (1989). In a reinstatement proceeding, petitioner has the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications required for admission to the practice of law. Pa.R.D.E. 218(3)(i). Also in a reinstatement proceeding, Office of Disciplinary Counsel shall conduct cross-examination of the petitioner's witnesses and submit any evidence in opposition to the petition for reinstatement. Pa.R.D.E. 218(d). The hearing committee must assess the credibility of the witnesses and consider all the evidence to determine whether petitioner has been rehabilitated and is now morally fit to resume the practice of law.

In the case at bar, Office of Disciplinary Counsel offered no evidence in opposition of petitioner's request for reinstatement. Petitioner's case solely relied on petitioner's own testimony on behalf of

himself. Respondent argues that petitioner offered "no evidence from those he professionally associated with during his suspension." Although petitioner's case would have been more persuasive if he had presented testimony of character witnesses, the board does not choose to establish a per se rule which would require petitioners to present a certain number of witnesses in order for petitioner to meet the burden of proof that he or she is morally fit to resume the practice of law.

The Disciplinary Board concurs in the hearing committee's belief that petitioner's testimony was credible and petitioner has clearly met his burden of proof and should be reinstated to the practice of law in the Commonwealth of Pennsylvania.

## Competency and Learning in the Law

Petitioner has kept abreast of the law in the area of government contracts by reading books on the subject and conducting research problems using a LEXIS terminal. Petitioner has attended several seminar courses on government contracts including a two-day session in [ ] on Contract Administration. Petitioner also has attended the Pennsylvania Basic Practice Course at [ ] School of Law, [ ] on August 10 through 13, 1988. Petitioner testified that if he were reinstated to the practice of law, he would strictly limit his practice to government contracts and would most likely operate his practice out of his home.

In light of these facts, petitioner has proven, by clear and convincing evidence, that he has the competency and learning in the law required for reinstatement to practice law in the Commonwealth of Pennsylvania.

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes that petitioner has demonstrated by clear and convincing evidence that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has demonstrated that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that your honorable court grant the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania.

The board further recommends that, pursuant to rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Board members Heh and Brown did not participate in the adjudication.

## ORDER

And now, August 15, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated June 1, 1990, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.